**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KATIE YOUNG** **PLAINTIFF**

**V.** **NO. 4:25-CV-201-DMB-DAS**

**NHE INC.** **DEFENDANT**

# ORDER

Katie Young claims that NHE, Inc., her former employer, discriminated against her based on her religion in violation of Title VII and that NHE fired her in violation of the First Amendment because she refused to stop talking about religion at work. NHE moves to dismiss Young's claims for failure to state a claim upon which relief can be granted. Because Young failed to timely exhaust her administrative remedies and because Young does not demonstrate that NHE, a private employer, is subject to the First Amendment's restrictions on governmental conduct, the motion to dismiss will be granted.

## I
## Procedural History

On December 11, 2025, Katie Young filed a pro se complaint against NHE, Inc., in the United States District Court for the Northern District of Mississippi, alleging NHE discriminated against her based on her religion in violation of Title VII of the Civil Rights Act of 1964 and fired her for refusing to cease her use of religious speech at work in violation of the First Amendment.[1] Doc. #1. Young attached to the complaint the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC") regarding the same allegations, Doc. #1-1 at PageID 13–15; and the EEOC's August 15, 2024, "Dismissal and Notice of Rights" letter to her

[1] The same day, Young moved to proceed in forma pauperis, which United States Magistrate Judge David A. Sanders granted January 7. Docs. #2, #4.

stating that "[it wa]s closing [her] charge because [her] charge was not filed within the time limits under the law" and if she chose to sue, her lawsuit "**must be filed WITHIN 90 DAYS of [her] receipt of this notice**," *id.* at PageID 10.[2]

On February 2, 2026, NHE filed a motion to dismiss Young's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #7. The same day, NHE filed a corporate disclosure statement pursuant to Federal Rule of Civil Procedure 7.1, representing that it "is a privately held corporation." Doc. #9 at 1. Young responded in opposition to the motion to dismiss four days later on February 6. Doc. #10. NHE replied on February 13. Doc. #11.

## II
## <u>Standard</u>

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) asserts a "failure to state a claim upon which relief can be granted." To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. … A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable

[2] Earlier, on December 5, 2023, Young filed a pro se complaint in the Circuit Court of Grenada County, Mississippi, against NHE, alleging it failed to pay her for accrued and unused vacation time after it terminated her employment. *Young v. NHE Inc.*, No. 4:24-cv-10, at Doc. #4 (N.D. Miss) ("*NHE I*"). Following NHE's removal of the case to the Northern District of Mississippi on January 29, 2024, Young amended her complaint four times. *Id.* at Docs. #19, #24, #27, #28. In her first three amended complaints, Young alleged that she "was discriminated on [her] job due to [her] Religious." *Id.* at Doc. #19; *id.* at Doc. #24 at PageID 133; *id.* at Doc. #27 at PageID 147. Her fourth amended complaint alleged the same and further claimed that she "was told to stop talking about GOD with NHE. [She] REFUSED to stop talking about OUR FATHER FOR ANYONE." *Id.* at Doc. #28 at PageID 149.

On August 8, 2024, the Court dismissed all Young's amended complaints with prejudice for procedural deficiencies. *Id.* at Doc. #42 at 4. As to why dismissal was with prejudice, the Court explained:

> Though not entirely clear, Young seems to allege in her amended complaints a claim of religious discrimination in violation of Title VII of the Civil Rights Act of 1964. … Because Young does not allege in any of her amended complaints that she filed an EEOC charge at any point, much less one alleging religious discrimination by NHE, and did not attach to any of her amended complaints an EEOC charge, the amended complaints fail to state a claim upon which relief can be granted and allowing them to stand would be futile.

*Id.* at Doc. #42 at 5. After the Court denied her motion to alter the judgment, Young appealed. *Id.* at Docs. #51, #54. The Fifth Circuit dismissed Young's appeal as frivolous but modified the dismissal to be without prejudice because it was "prior to EEOC adjudicating [the] charge." *Id.* at Doc. #63 at PageID 265.

inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quoting *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010)). In analyzing a Rule 12(b)(6) motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (per curiam) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

"It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (quoting *S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

**III**
**Factual Allegations**

Katie Young is a Christian with sincerely held religious beliefs. Doc. #1 at 4. On or about May 16, 2016, Young began her employment with NHE, Inc., as a Resident Services Coordinator. Doc. #1-1 at PageID 13. On February 9, 2023, Young's supervisor, Viet Nguyen, told Young to stop talking about God and religion at work.[3] Doc. #1 at 4. On November 8, 2023, Young's

[3] Young attached to her complaint a February 9, 2023, e-mail from Nguyen in which he appears to respond to statements by Young, including this statement:

employment with NHE was terminated. *Id.* NHE did not give Young a reason for the termination but stated "it's just not working out." *Id.* at 5.

## IV
## Analysis

NHE argues that Young "did not exhaust any mandatory administrative remedies before filing suit, warranting dismissal of her Title VII religious-discrimination claim;" Young "fails to allege facts that would support equitable tolling of the EEOC filing deadline;" and Young's "First Amendment claim fails because the First Amendment restricts only governmental actors (not private employers such as [it]) which [Young] did not plead and which cannot be proven." Doc. #7 at 1–2.

Young responds that she "has alleged facts supporting religion discrimination" and "equitable tolling;" and she "states a plausible First Amendment claim." Doc. #10 at PageID 46, 47.

In reply, NHE continues to argue that Young "failed to exhaust her administrative remedies, and her Title VII religious-discrimination claim cannot proceed;" "the[] cases [cited by Young regarding equitable tolling] do not support [her] argument, and in fact are directly contradictory to [her] argument;" and Young "still offers nothing to transform [it] from a private employer into a state actor." Doc. #11 at 4, 5, 8.

---

> When OUR FATHER lay it on my HEART to encourage that R[esident], that what I do. If OUR FATHER don't lay it on my HEART to encourage that R[esident], I don't do it. If that R[esident] don't bring up OUR FATHER, I don't bring it up. When that R[esident] wants to talk about OUR FATHER that what I do. Also, when some R[esident] ask me to PRAY for them, that is what I do.

Doc. #1-1 at PageID 9. Nguyen responded, "I have asked you again, not to speak about religion. You are not respecting my boundaries and you are making me uncomfortable." *Id.* Nguyen's responses in the e-mail advised Young that she failed to follow "[c]ommon professionalism and office protocol" by not copying her leadership team on e-mails; that she "lack[ed] notes on [her] discussions for services with [her] residents … as necessary per RSC policy and handbook;" and that her notes emphasized things "that do not pertain to the resident"—for example, with respect to a resident's ill dog, "[she] stated [a] prayer[, n]ot an actual service." *Id.*

### A. Title VII

#### 1. Exhaustion

In her complaint, Young alleges:

> [She] contacted the [EEOC] and … schedule[d] a phone interview on or before April 4, 2024. During that interview, [she] informed the EEOC that she filed a lawsuit with the Grenada courthouse. The EEOC asked [her] if she wanted to cancel the appointment, and [she] agreed, Believing in GOOD FAITH that filing in state court preserved her rights. [She] was not informed that filing in state court did not satisfy federal EEOC requirements or that a Right-to-Sue letter was required. [She] did not learn she needed a Right to Sue letter until August 2024.

Doc. #1 at 5.

NHE argues that Young "failed to file a Charge of Discrimination with the EEOC within the requisite time period," as "[Young] herself states in her Complaint that she failed to file an EEOC Charge in a timely manner;" and "[g]iven her failure to meet the administrative prerequisites necessary to pursue a religious discrimination claim by 'filing a charge with the [EEOC] within 180 days of the discriminatory action,' the Complaint is due to be dismissed in its entirety." Doc. #8 at 3–4 (quoting *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 335 (5th Cir. 2021)).

Young does not address NHE's claim that she failed to exhaust her administrative remedies, responding only that "[she] alleges in her Complaint that [her] Supervisor (Viet) instructed her to stop talking about GOD/Religion [and she] was terminated on November 8, 2023, with NHE;" and "[t]hese facts are sufficient at the pleading stage to support a Title VII Religion Discrimination claim" because "[a]t the pleading stage, [she] is not required to prove discrimination, only to allege facts raising a reasonable inference of unlawful conduct." Doc. #10 at PageID 46.

NHE replies that Young "admits that she failed to timely file an EEOC Charge [and t]herefore, even accepting the Complaint's allegations as true, it is evident that [Young] did not meet the administrative prerequisite of filing a Charge within 180 days of the alleged

discriminatory act;" and "[b]ecause [Young] did not satisfy this requirement, her Complaint must be dismissed in its entirety." Doc. #11 at 2–3.

*a. Initial 180-Day Deadline*

Title VII "forbids religious discrimination in employment," *Hebrew v. Tex. Dep't of Crim. Just.*, 80 F.4th 717, 721 (5th Cir. 2023), and "provides for private causes of action arising out of employment discrimination," *Ernst*, 1 F.4th at 337 (quoting *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018)). However, before seeking redress from a federal court, "[e]mployment discrimination plaintiffs must exhaust administrative remedies." *Taylor*, 296 F.3d at 378–79. "To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst*, 1 F.4th at 337. A charge of discrimination is timely when it is "filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The tolling period "beings running once the plaintiff knows or should have known of the unlawful employment action." *Hull v. Emerson Motors/Nidec*, 532 F. App'x 586, 587 (5th Cir. 2013) (per curiam); *accord Ramirez v. City of S.A.*, 312 F.3d 178, 181 (5th Cir. 2002).[4]

In her EEOC charge, Young claims that she experienced religion discrimination on November 8, 2023. Doc. #1-1 at PageID 13. So, her charge of discrimination had to be filed no later than May 6, 2024, to be timely. And while Young's EEOC charge is not dated, the EEOC informed Young in its right-to-sue letter that it was closing her charge since it "was not filed within the time limits under the law; in other words, [Young] waited too long after the date of the alleged discrimination to file [her] charge." *Id.* at PageID 10. Given all this—and that Young does not

[4] Though "the exhaustion requirement under Title VII is not jurisdictional," such "does not mean that this requirement should be ignored." *Davis*, 893 F.3d at 304–05, 307 (5th Cir. 2018) (quoting *Davenport v. Edward D. Jones & Co., L.P.*, 891 F.3d 162, 169 (5th Cir. 2018)).

deny that she failed to timely file her EEOC charge—Young did not exhaust her administrative remedies. *See Spann v. FedEx Freight, Inc.*, No. 24-60318, 2025 WL 1938355, at *5 (5th Cir. July 15, 2025) ("Spann's Title VII claim is clearly time-barred[ since s]he filed her EEOC charge more than 180 days from the date of the forklift accident.").

*b. Subsequent 90-Day Deadline*

Even had Young timely filed her EEOC charge, she was required to file her civil action within ninety days of receiving the EEOC's right-to-sue letter to fully exhaust her administrative remedies. 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed," and "[c]ourts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Taylor*, 296 F.3d at 379.

The EEOC issued a right-to-sue letter to Young on August 15, 2024. Doc. #1-1 at PageID 10. Young does not indicate when she received the letter. So, the Court will apply the presumption of receipt doctrine. *See Taylor*, 296 F.3d at 379 ("When the date on which a right-to-sue letter was actually received is either unknown or disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed."). Even if the Court presumed Young received the right-to-sue letter seven days after the EEOC mailed it to her, Young's claim still would be untimely because she did not file the present action until December 11, 2025, over a year later.[5] *See January v. Tex. Dep't of Crim. Just.*, 760 F. App'x 296, 300 (5th Cir. 2019) (per curiam) (affirming district court's dismissal of Title VII claim "[s]ince [the plaintiff] filed suit more than ninety days after receiving her right-to-sue letter").

[5] Young's original and amended complaints in *NHE I* are irrelevant in evaluating the exhaustion issue here because at the time she filed them, the EEOC had not issued a right-to-sue letter to her. *NHE I*, at Docs. #4, #19, #24, #27, #28.

**2. Equitable tolling**

NHE argues that "[Young]'s claimed lack of knowledge regarding federal procedural requirements is not a valid basis for equitable tolling, and her allegations fall far short of the Fifth Circuit's stringent standard" because Young "does not allege that the EEOC provided her with *incorrect* information;" "[s]he merely asserts that the EEOC did not explain that filing in state court would not satisfy federal administrative-exhaustion requirements[, h]owever … a failure to provide unsolicited legal advice does not constitute affirmative misrepresentation;" Young "acknowledges that she contacted the EEOC within the required period, demonstrating that she understood the EEOC's role and had the ability to pursue an administrative charge;" and "[h]er decision to abandon that process – based solely on her own misunderstanding of the law – cannot justify tolling." Doc. #8 at 6.

Young responds that she "acted diligently and in **GOOD FAITH**, but as a pro se litigant, [she] did not know that filing in state court did not satisfy the federal EEOC requirements or that a Right to Sue Letter is required with the EEOC," and "[e]quitable tolling applies where [a] Plaintiff acts diligently but is prevented from complying due to confusion or misinformation, particularly for pro se litigants."[6] Doc. #10 at PageID 46 (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *Hull*, 532 F. App'x at 587; *Harrison v. Estes Express Lines*, 211 F. App'x 261, 262 (5th Cir. 2006); and *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727–28 (5th Cir. 1990)).[7]

---

[6] Young does not argue equitable tolling as to Title VII's 180-day deadline. The Court need not determine whether equitable tolling is appropriate for that deadline since, as discussed below, Young fails to set forth facts sufficient to show equitable tolling is appropriate for Title VII's subsequent 90-day deadline.

[7] It is unclear to the Court how *Baker* applies to Young's claims, as it involves a denial of due process claim in which the plaintiff argued that he was not properly sentenced under the Sentencing Guidelines for an unarmed bank robbery he committed. *See generally* 916 F.2d at 725–26. NHE agrees. *See* Doc. #11 at 7 ("*Baker* does not support [Young]'s argument for equitable tolling at all as the case does not address equitable tolling but merely affirms dismissal under Rule 12(b)(6) as that plaintiff's allegations could not support relief.").

As to the cases Young cites in support of her equitable tolling argument, NHE replies that "these cases do not support [Young]'s argument, and in fact are directly contradictory to her argument." Doc. #11 at 5.

"[T]he limitations period on filing a charge of employment discrimination 'is subject to equitable doctrines such as tolling or estoppel.'" *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (quoting *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)). However, "the Supreme Court has held that [equitable] doctrines" such as tolling "must be applied sparingly," *Harrison*, 211 F. App'x at 264, and the Fifth Circuit has instructed that tolling "should be applied only in exceptional cases," *Hull*, 532 F. App'x at 588. There are "three possible bases for equitable tolling in the context of a Title VII action: '(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.'" *Id.* (quoting *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011)). "The party who invokes equitable tolling bears the burden of demonstrating that it applies." *Harrison*, 211 F. App'x at 264.

Here, there is no evidence that the parties are in the wrong forum or that NHE intentionally concealed any facts. The Court then need only determine whether the EEOC misled Young about the nature of her rights. While Young alleges the EEOC did not inform her that she had not satisfied federal EEOC requirements, she does not allege that she requested information regarding filing deadlines or that the EEOC gave her any wrong information about her rights. *See Ramirez*, 312 F.3d at 183 ("It is not sufficient for [the plaintiff] to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong."); *Manning*, 332 F.3d at 881 ("We apply equitable tolling when an employee

seeks information from the EEOC, and the organization gives the individual *incorrect information* that leads the individual to file an untimely charge."). "[A]lleged incomplete oral statements made by the EEOC … will not support equitable tolling." *Conway v. Control Data Corp.*, 955 F.2d 358, 363 (5th Cir. 1992). Because Young alleges only that the EEOC failed to provide her information, rather than affirmatively misinformed her about her rights, there is no basis for the Court to equitably toll the limitations period. *See Harrison*, 211 F. App'x at 265 ("The EEOC did not affirmatively mislead [the plaintiff] by failing to advise him of the applicable limitations period" and thus, "he may not receive equitable tolling of the limitations period on that basis.").

**3. Summary**

Because Young failed to timely exhaust her administrative remedies and equitable tolling does not apply, Young's Title VII religious discrimination claim will be dismissed.

**B. First Amendment**

NHE argues that "[Young]'s [First Amendment] claim fails at the threshold requirement: she cannot show that [it] – a private employer – was acting under color of state law;" "[it] is not a governmental entity, a state actor, or an entity performing a traditional and exclusive public function – nor does [Young] even allege such;" and "[b]ecause the First Amendment applies only to governmental conduct, and not to private employers, and [Young] does not plead the requisite color of state law (and cannot) her claim fails as a matter of law." Doc. #8 at 7, 8.

Young responds that "[w]hile the First Amendment generally applies to only state actors, dismissal is premature before discovery;" "[w]hether [NHE]'s conduct implicates Constitutional protections involves factual determinations inappropriate at the motion-to-dismiss stage;" and she "is entitled to discovery to fully explore this issue." Doc. #10 at PageID 47.

NHE replies that Young "cites **no** authority for th[e] proposition" that "determining whether [its] conduct implicates constitutional protections requires factual development inappropriate at the motion-to-dismiss stage;" "[t]aking [Young]'s allegations as true, the pleadings confirm that [Young] does not allege [it] is a governmental entity;" it "filed a Corporate Disclosure … certifying that [it] is a privately held corporation;" Young "alleges no facts showing that [it] acted under color of state law, and – despite [its] Motion to Dismiss identifying this exact deficiency – she still offers nothing to transform [it] from a private employer into a state actor;" and "[w]ithout any allegation transforming [it] into a state actor, [Young] fails to state a claim upon which relief can be granted." Doc. #11 at 7, 8.

The First Amendment to the United States Constitution prohibits the government from infringing freedom of speech. U.S. CONST. amend. I. "The Free Speech Clause of the First Amendment constrains governmental actors and protects private actors," *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019), and "does not prohibit *private* abridgment of speech," *id.* at 808 (collecting cases).

Here, though "actions of private entities can sometimes be regarded as governmental action for constitutional purposes," *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 378 (1995), Young makes no argument that NHE should be regarded as a governmental entity, rather than a private one. *See Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 393 (5th Cir. 2024) ("[P]laintiffs wishing to bring First Amendment claims against private parties must plausibly allege that they satisfy the state action requirement."). Nor does she dispute NHE's assertion that it is a private employer. Young's First Amendment claim will be dismissed. *See Childress v. Puckett Mach. Co.*, No. 3:07-cv-00237, 2010 WL 11682141, at *4 (S.D. Miss. Aug. 31, 2010) ("An employee cannot recover against a private employer based on an

alleged violation of his or her First … Amendment rights without providing any explanation of how the employer could be bound by constitutional restrictions on government.") (citing *Bradley v. Lockheed Martin Corp.*, 275 F. App'x 396, 397 (5th Cir. 2008)).

### C. Opportunity to Amend

In her response to the motion to dismiss, Young argues that "[e]ven if the Court identifies pleading deficiencies, dismissal with prejudice would be improper" since "[p]ro se litigants must be given an opportunity to amend unless [such would] be futile." Doc. #10 at PageID 47.[8]

"Generally, 'district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case.'" *Ricks v. Khan*, 135 F.4th 296, 300–01 (5th Cir. 2025) (quoting *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (per curiam)). The Court finds that Young has pled her best case as to her Title VII religious discrimination claim, as no amendment to her complaint will remedy her untimely filing of both her EEOC charge and her associated complaint. *See Morgan v. Bray*, No. 24-60156, 2025 WL 752545, at *4 (5th Cir. Mar. 10, 2025) (per curiam) ("The district court was correct to dismiss [the plaintiff's] complaint with prejudice because timely exhaustion of her claims … was no longer possible" since "her 180-day deadline had passed."); *St. Louis v. Tex. Workers' Comp. Comm'n*, 65 F.3d 43, 48 (5th Cir. 1995) (affirming dismissal with prejudice when "plaintiff failed to file his … complaint within the 90-day statute of limitations"). The Court also finds that Young has pled her best case as to her First Amendment claim.[9] The Court will not allow Young the opportunity to amend her complaint.

---

[8] Young cites *Taylor*. Doc. #10 at PageID 47 (citing 296 F.3d at 378). *Taylor* does not appear to discuss when an opportunity to amend is appropriate. *See generally id.* at 376–79.

[9] As noted above, this is Young's sixth complaint based on the same factual circumstances, none of which have survived Rule 12(b)(6)'s filter. *See Malson v. Match.com, L.L.C.*, 540 F. App'x 412, 416 (5th Cir. 2013) ("Given the length of time these claims have persisted and the multiple opportunities at amendment that have passed, the district court did not abuse its discretion when it dismissed Appellants' … claim with prejudice. Appellants have had a 'fair

## V
## Conclusion

NHE's motion to dismiss [7] is **GRANTED**. This case is **DISMISSED with prejudice**.[10]

**SO ORDERED**, this 4th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

opportunity' to make their case.") (quoting *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)); *Bowman v. CitiMortgage, Inc.*, 768 F. App'x 220, 223 (5th Cir. 2019) (per curiam) ("The district court gave the Bowmans multiple chances to amend their complaint [so] dismissal for futility and failure to cure deficiencies was not an abuse of discretion."); *Bridges v. Methodist Hosp.*, No. 24-20483, 2025 WL 1693074, at *5 (5th Cir. June 17, 2025) (per curiam) (affirming dismissal with prejudice when plaintiffs "had several opportunities to 'refine their claims and clarify their legal arguments to address the district court's concerns'" and "had already 'amended their pleading multiple times.'").

[10] *See supra* note 9 (citing authorities regarding dismissal with prejudice).